STATE OFFICERS AND EMPLOYEES It is the opinion of the Attorney General that individuals lawfully employed by the State in positions funded through the CETA program may be credited for the period of CETA service for retirement purposes upon the payment of such contributions to the retirement system the employee would have made during such period as a regular employee and member of the System together with any interest upon such contribution as may be determined appropriate by the Board of Trustees of the State Employees Retirement System. The Attorney General has considered your request for an opinion wherein you in effect ask: "In view of the holding in Attorney General Opinion 77-293, may those individuals employed by the state in positions funded through the CETA program be credited for the CETA period of service for retirement purposes, assuming their employer qualifies as a participating eligible employer within the definition of same in the State Employees Retirement Act, and, further, assuming those individuals make up the contributions to the retirement system they would have made as regular state employees in positions funded other than through the CETA program?" As indicated in your letter requesting opinion, we concluded in Opinion No. 77-293 that individuals employed by the State pursuant to a CETA program, are, in fact, state employees during their period of CETA service and by reason thereof are entitled to credit for accrued leave earned as CETA employees upon an appointment to the classified service of the Oklahoma Merit System of Personnel Administration. In arriving at the ruling in Opinion No. 77-293 it was necessary to determine the precise employment status of individuals employed by state agencies in positions funded through the CETA program. In reaching a conclusion on the issue we stated: "Although the term 'employee' is not specifically defined within the Act regarding the merit system of personnel administration, 74 O.S. 801 [74-801] et seq. (1971), the term 'employee' is defined at 74 O.S. 703 [74-703] (1971) as 'a person legally occupying a position'. A 'position' is defined within 74 O.S. 703 [74-703] (1971), as 'a specific group of duties, tasks, and responsibilities requiring the services of one individual'. It is, therefore, apparent that those individuals employed by the state pursuant to a CETA program are, in fact, state employees for leave purposes and are, therefore, subject to the statutory provisions regarding the same." We thus concluded that persons who earn annual and sick leave as unclassified state employees under the CETA program may be credited with such unused leave upon an appointment to the classified service of the Oklahoma Merit System of Personnel Administration. We have heretofore held in Attorney General Opinion No. 76-303 that eligible employees omitted from the retirement system, whether purposely or inadvertently, may become members of the system by submitting all required contributions (for the period such employee would have contributed had he been a member of the system) plus interest on such contributions as determined by the Board of Trustees of the System. It is a well settled principle of construction that statutory retirement and pension plans for public officers and employees are to be liberally construed in favor of the employee. Having previously determined that CETA employees are state employees within the unclassified service during the period of their CETA service, and having previously ruled that state employees may for retirement purposes be credited for periods of service when not actually enrolled in the retirement system by making up contributions to the system, and in view of the general principle of statutory construction above recited, we are of the opinion that your question should be answered in the affirmative. It is the opinion of the Attorney General that individuals lawfully employed by the State in positions funded through the CETA program may be credited for the period of CETA service for retirement purposes upon the payment of such contributions to the retirement system the employee would have made during such period as a regular employee and member of the System together with any interest upon such contribution as may be determined appropriate by the Board of Trustees of the State Employees Retirement System. (JAMES H. GRAY) (ksg) ** SEE: OPINION NO. 78-312 (1978) ** ** SEE: OPINION NO. 79-064 (1979) **